Appeal by a claimant, widow of a deceased employee, from a decision of the Workmen’s Compensation Board which disallowed a elaim for death benefits on the ground that no causal relation existed between an accident and decedent’s death. Decedent was employed as a boiler mechanic and worked five days a week, Monday through Friday. On Monday, August 24, 1953, and while in the course of his employment decedent sustained a contusion of the saero-area of his back. He slipped and struck his back while passing iron plates to a fellow employee from the combustion chamber of a boiler. He was in a crouched position at the time and the plates apparently weighed somewheres between 35 and 50 pounds. After this accident he was examined by a physician and he made no complaint of pain in any other area of his body other than the lower part of his back. On the evening of the following Saturday he suffered a heart attack and died shortly after he was admitted to the hospital. The medical testimony is conflicting as to whether the accident of August 24, 1953 had anything to do with decedent’s death. The board reversed the referee, who found causal relation, and appellant asserts that the board committed error because it reversed the referee on the ground that the hearsay evidence was uncorroborated. In its findings the board made no such statement but simply said that the credible medical evidence indicated no causal relation. However in its memorandum of decision the board also said that there was no corroboration of hearsay evidence. Claimant testified, and also her daughter, that decedent complained of pain in his left chest the night of the accident and during the week following. Claimant however had made statements to the attending physician which were contradictory to her later testimony, and her credibility of course was involved. Hence the board was not obliged to accept her statements as corroboration of the decedent’s hearsay declarations that he suffered some pain in his left chest. In any event the entire issue of causal relation was one of fact and the board had the right to make its choice as to which medical opinion it would accept. Decision unanimously affirmed, without costs.
Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.